IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROY FRANKLIN ECHOLS,**

    **Plaintiff,**

v.                                                         Civil Action No. 3:23cv697

**CSX TRANSPORTATION, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

By Memorandum Order entered on November 1, 2023, the Court conditionally docketed Plaintiff's civil action. (ECF No. 2.) At that time, the Court directed Plaintiff to submit an *in forma pauperis* affidavit and consent to collection of filing fee within thirty (30) days of the date of entry thereof. (ECF No. 2, at 1.) Alternatively, the Court directed Plaintiff to pay the full filing fee within thirty (30) days of the date of entry thereof. (ECF No. 2, at 2.) More than thirty (30) days elapsed, and Plaintiff failed to comply with the above requirements. Accordingly, by Memorandum Opinion and Order entered December 7, 2023, the Court dismissed the action. (ECF Nos. 4, 5.)

On December 21, 2023, the Court received from Plaintiff a document that he titled, "Statement of Compliance." (ECF No. 9, at 1.) The Court will treat this submission as one for relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, it appears that relief is warranted in order to prevent manifest injustice.

In the Rule 59(e) Motion and subsequent submissions, Plaintiff states that he did not receive the November 1, 2023 Memorandum Order until November 28, 2023. (ECF No. 11, at 1.) Plaintiff requested that his institution issue a money order for the full filing fee on November 29, 2023. (ECF No. 11-2, at 1.) Nevertheless, Plaintiff's institution did not issue the money order until December 7, 2023. (ECF No. 11-2, at 1.) Because it appears that Plaintiff's noncompliance with the November 1, 2023 Memorandum Order is attributable to circumstances beyond his control, the Rule 59(e) Motion, (ECF No. 9), will be GRANTED. The December 7, 2023 Memorandum Opinion and Order will be VACATED. The Court will continue to process the action. Plaintiff's Rule 60(b) Motion, (ECF No. 11), will be DENIED AS MOOT.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4/18/2024  
Richmond, Virginia

/s/ M. Hannah Lauck  
M. Hannah Lauck  
United States District Judge