IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROY FRANKLIN ECHOLS,**

      **Plaintiff,**

    **v.**                            **Civil Action No. 3:23cv697**

**CSX TRANSPORTATION, INC.,**

      **Defendant.**

## MEMORANDUM OPINION

Roy Franklin Echols, a Virginia inmate, proceeding *pro se*, submitted this action. Mr. Echols seeks "judgment against Defendant CSX Transportation, Inc., under the authorities of civil rights 42 U.S.C. subsections 1985, 1986, where Defendant conspired to obstruct the due process of justice and 42 U.S.C. section 1997 . . . ." (ECF No. 1, at 1.)[1] CSX Transportation ("CSX") has filed a Motion to Dismiss. (ECF No. 18.) CSX and the Court provided Mr. Echols with appropriate *Roseboro* notice.[2] (ECF No. 18, at 1; ECF No. 25.) For the reasons set forth below, the Motion to Dismiss, (ECF No. 18), will be GRANTED and the action will be DISMISSED.

### I. Mr. Echols's Procedural History

Mr. Echols has filed a series of actions against CSX over the last ten years. Review of those actions is helpful and necessary for evaluation of Mr. Echols's current Complaint. The Court refers to the present action as *Echols III*.

---

[1] The Court employs the paginations assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

A.    ***Echols v. CSX*, No. 3:16cv294 ("*Echols I*")**

Mr. Echols brought *Echols I*, under the Federal Employers' Liability Act ("FELA"), 45

U.S.C. §§ 51 *et seq*.)  In *Echols I*, the Court summarized Mr. Echols's allegations and claims

as follows:

> [Mr.] Echols was employed by CSX's Engineering Department as a
> trackman from April of 1981 until September of 1997, when he was arrested on
> felony charges. (Compl. ¶ 5, ECF No. 1.)[]  During his employment, [Mr.] Echols
> "was constantly exposed to airborne coal and rock dust while performing his daily
> assigned tasks . . . ." (*Id.* ¶ 6.)  [Mr.] Echols states:

>> On or about September of 2012, Plaintiff began to
>> experience serious respiratory complications that got progressively
>> worse as the days went on.  Prior to this time Plaintiff was in good
>> health.  These difficulties worried him intensely.  Plaintiff
>> discovered that black lung, silicosis and pulmonary disease can
>> cause these respiratory conditions, since his only possible exposure
>> to coal and rock dust was during the period of his employment with
>> the railroad. On October 7th, 2012, Plaintiff contacted the CSX
>> headquarters located at 500 Water Street Jacksonville, Florida
>> 32202 in an effort to obtain the name and address of the Union that
>> represented him during the period of his employment with
>> the railroad.

>> After diligently researching the symptoms and causes of
>> black lung, silicosis or other pulmonary lung disease, Plaintiff came
>> to the belief that he contracted this occupational disease and that the
>> accumulated effects of the deleterious substances, coal and rock
>> dust, began to manifest itself in his respiratory complications. CSX
>> records clearly show that the railroad had conducted silicosis testing
>> on its employees including Plaintiff in the mid–1990[s] without
>> notifying Plaintiff of the purpose for the testing or any positive
>> results.  On October 28, 2012 and January 15, 2013, Plaintiff
>> contacted his Union representative by U.S. mail in an effort to obtain
>> the results of silicosis testing conducted by CSX, to no avail.  On
>> July 1st, 2013, Plaintiff directly contacted CSX headquarters by
>> U.S. mail to obtain the results of silicosis lung testing during the
>> period of his employment.

(*Id.* ¶¶ 7–8 (paragraph numbers omitted).)  On July 25, 2013, the medical
department at Nottoway Correctional Center ordered that [Mr.] Echols undergo
diagnostic lung testing. (*Id.* ¶ 9.) Subsequently, [Mr.] Echols "was diagnosed with

a Chronic Obstructive Pulmonary Lung Disorder caused by railroad dust conditions." (*Id.*)

    [Mr.] Echols's Complaint raises the following claims for relief:

> Claim One: "Violation of Federal Safety Appliance Act 45 U.S.C.S. 1–16 and Occupational Safety and Health Act subsection 1910.134 regulations." (*Id.* at 7.)[3]

> Claim Two: "Negligen[t] exposure to harmful and hazardous coal and rock dust." (*Id.* at 9.)

> Claim Three: "Emotional distress and mental anguish." (*Id.* at 14.) [Mr.] Echols seeks $800,000.00 in compensatory and punitive damages. (*Id.* at 16.)

*Echols v. CSX Transportation, Inc.*, No. 3:16CV294 (REP), 2017 WL 2569734, at *2 (E.D. Va. June 13, 2017) (alteration to Claim Two in the original), *aff'd*, 700 F. App'x 267 (4th Cir. 2017).

    The Court ultimately concluded Mr. Echols's claims were barred by the relevant statute of limitations:

---

    [3] The Federal Safety Appliance Act ("FSAA") "imposes a number of safety requirements on railroads." *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 288 (4th Cir. 1999). However, "[t]he FSAA does not create an independent cause of action for those injured because of a violation of the Act." *Id.* (citing *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969)). Instead, "for railroad employees injured because of a FSAA violation, FELA provides the cause of action." *Id.* (citing *Crane*, 395 U.S. at 166). Likewise, Occupational Safety and Health Act ("OSHA") regulations "provide evidence of the standard of care exacted of employers, but they neither create an implied cause of action nor establish negligence per se." *Albrecht v. Baltimore & Ohio R.R. Co.*, 808 F.2d 329, 332 (4th Cir. 1987) (quoting *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 707 (5th Cir. 1981)). [Mr.] Echols's claims are not independent; rather, [Mr.] Echols has a single cause of action under FELA. *See* 45 U.S.C. § 51 (FELA permits a railway employee to recover for an "injury . . . resulting . . . from [his employer's] negligence"); *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 550 (1994) (noting that "damages for negligent infliction of emotional distress are cognizable under FELA").

[Mr.] Echols filed his Complaint on May 10, 2016.[4] In order for his suit to be timely filed, his FELA claims must have accrued no earlier than May 10, 2013. The record, however, reflects that [Mr.] Echols's FELA claims occurred well before that date. Specifically, in his Complaint, [Mr.] Echols alleges that he began to experience "serious respiratory complications" in September of 2012. . . .

[Mr.] Echols's Complaint clearly indicates that he knew that his former employment was a potential cause of his respiratory problems no later than October of 2012. The Court concludes that [Mr.] Echols's FELA claims accrued, at the latest, by October 28, 2012, well before May 10, 2013.

*Id.* at *3–4 (alterations in original).

### B.   *Echols v. CSX*, No. 3:19cv947 (*Echols II*)

In *Echols II*, Mr. Echols once again brought three claims under FELA. *See Echols II*, ECF No. 1, at 4–7. Mr. Echols claimed, *inter alia*, CSX's failure "to prevent [Mr.] Echols' unsafe exposure to hazards and toxic substances" led to Mr. Echols "contracting Hodgkin's Lymphoma stage-three cancer." *Echols II*, ECF No. 1, at 4 (citation omitted). Mr. Echols sought "compensation recovery under FELA statutory law." *Echols II*, ECF No. 1, at 4. As explained below, that action was dismissed without prejudice because Mr. Echols failed to timely serve CSX.

Pursuant to Federal Rule of Civil Procedure 4(m), [Mr.] Echols had ninety (90) days from the filing of the complaint to serve CSX. Here, that period commenced on March 4, 2021. By Memorandum Order entered on that date, the Court directed [Mr.] Echols to provide the Court with the address for CSX if he wanted the assistance of the Marshal in serving CSX. (ECF No. 17.)

On May 4, 2021, [Mr.] Echols responded that CSX could be served at: "500 East Main Street, Richmond, Virginia 23219." (ECF No. 18.) On May 5, 2021, the Clerk issued process for CSX at the address provided by [Mr.] Echols. (ECF No. 19.) On May 24, 2021, the Marshal returned the summons for CSX unexecuted because the address [Mr.] Echols had provided was the address for a church. (ECF No. 20, at 3.) The Marshal provided [Mr.] Echols with notice of this fact. (*Id.*)

---

[4] The envelope in which Mr. Echols mailed his Complaint indicates that it was received in the mailroom at River North Correctional Center on May 10, 2016. (ECF No. 1–5, at 1.) The Court deems this to be the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

4

> Nevertheless, on June 3, 2021, [Mr.] Echols again informed the Court that CSX could be served at "500 East Main Street, Richmond, Virginia 23219." (ECF No. 21.)
>
> By Memorandum Order entered on June 17, 2021, the Court directed [Mr.] Echols to show good cause, within eleven (11) days of the date of entry thereof, for his failure to serve CSX. More than eleven (11) days elapsed and it appeared that [Mr.] Echols had failed to respond to June 17, 2021 Memorandum Order. Accordingly, by Memorandum Opinion and Order entered on July 27, 2021, the Court dismissed the action without prejudice.

*Echols II*, No. 3:19CV947 (REP), 2021 WL 5052465, at *1 (E.D. Va. Nov. 1, 2021). On

November 1, 2021, the Court denied Mr. Echols's Motion for Reconsideration of that ruling. *Id.*

Thereafter, Mr. Echols filed a motion under Federal Rule of Civil Procedure 60(b) ("Rule

60(b) Motion") wherein he asserted "that his failure to serve CSX Transportation in a timely

manner was attributable to the fact that CSX Transportation listed 'a fraudulent church address

on [Google World Wide Website].'" *Echols II*, No. 3:19CV947 (REP), 2023 WL 5181609, at *1

(E.D. Va. Aug. 11, 2023) (alteration in original) (citation omitted), *appeal dismissed sub nom.*

*Echols v. CSX Transportation, Inc.*, No. 23-7239, 2024 WL 2880626 (4th Cir. Feb. 15, 2024).

The Court denied Mr. Echols's Rule 60(b) Motion. *Id.*

## II. *Echols III* Allegations and Claims

In the present action, Mr. Echols recounts the procedural history of *Echols II*. (ECF No.

1, at 2–4.) Mr. Echols then suggests he is bringing the present action "under rule 42 U.S.C.

subsections 1985, 1986, and 1997 . . . ." (ECF No. 1, at 5.) Thereafter, Mr. Echols charges CSX

"with falsely and intentionally advertising a fraudulent business office address on the Google

International Website, in order to evade civil liability under FELA . . . ." (ECF No. 1, at 6.) Mr.

Echols labels this claim as "Count I: Fraudulent Act." (ECF No. 1, at 6.) In his next claim or

count, Mr. Echols contends that "CSX is liable to [Mr.] Echols for the damages he suffered by

the District Court dismissing his FELA action as a direct result of CSX's negligent business

advertisement on Google International." (ECF No. 1, at 7.)  In this third claim or count, Mr.

Echols charges CSX "with obstruction by giving a false business address to list on Google . . . ."

(ECF No. 1, at 8.)

### III.  Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations

omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

6

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. Analysis

### A.    42 U.S.C. § 1985

Mr. Echols provides little explanation as to how CSX violated any of the statutes he cites. Initially, Mr. Echols asserts that CSX violated 42 U.S.C. § 1985. That statute has three subsections. Subsection (1) involves preventing a federal official from performing his or her duties. 42 U.S.C. § 1985(1). Subsection (2) involves obstructing justice by intimidating a party, witness, or juror. 42 U.S.C. § 1985(2). Neither of these subsections are implicated by Mr. Echols's allegations.

Apparently, Mr. Echols seeks to bring a claim under 42 U.S.C. § 1985(3).

> An action under section 1985(3) consists of these essential elements: (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the

7

plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (citations omitted).  It is doubtful that Mr. Echols has adequately pled facts sufficient to satisfy any of these elements.  In any event, he most certainly fails on the first two elements.  First, "just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself."  *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (citations omitted).  Thus, Mr. Echols fails to satisfy the first element for a 42 U.S.C. 1985(3) claim.  Additionally, it is plain that Mr. Echols fails to allege facts that indicate CSX's conduct was "motivated by class-based animus."  *See McDaniel v. Bailey*, 710 F. App'x 604, 605 (4th Cir. 2018).  Accordingly, Mr. Echols fails to state a claim under 42 U.S.C. § 1985.

**B.**     **42 U.S.C. § 1986**

42 U.S.C. § 1986 provides, in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

"Notably, claims brought under § 1986 are derivative of claims under § 1985.  Thus, Plaintiff's failure to state a claim under § 1985 is fatal to [his] claim under § 1986."  *Mosely-Sutton v. MacFadyen*, No. RDB 10-1130, 2011 WL 2470083, at *3 (D. Md. June 17, 2011) (citing *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984))).  Accordingly, Mr. Echols has failed to state a claim under 42 U.S.C. § 1986.

**C.**   **42 U.S.C. 1997**

Mr. Echols also purports to bring a claim under 42 U.S.C. § 1997, the Civil Rights of

Institutionalized Persons Act ("CRIPA").  CRIPA does not authorize a private cause of action.

*Campbell v. Navient Corp.*, No. CV 18-1625-RGA, 2020 WL 5439799, at *5 (D. Del. Sept. 10,

2020) (citing *Pope v. Bernard*, No. 10-1443, 2011 WL 478055, at *1 (1st Cir. Feb. 10, 2011);

*Price v. Brittain*, 874 F.2d 252, 262 (5th Cir. 1989); *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3

(9th Cir. 1986); *Ross v. Aramark Corp.*, No. 18CV2246(VB), 2019 WL 1172383 (S.D.N.Y. Mar.

13, 2019)).  Accordingly, Mr. Echols fails to state a claim under CRIPA.

## V.  Conclusion

CSX's Motion to Dismiss, (ECF No. 18), will be GRANTED.  Mr. Echols's claims will

be DISMISSED.  Mr. Echols's request for the issuance of a summons, (ECF No. 24), will be

DENIED AS MOOT.  The Clerk will be DIRECTED to note the disposition of the action for

purposes of 28 U.S.C. § 1915(g).  The action will be DISMISSED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 1|15|2025
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge

9