IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROY FRANKLIN ECHOLS,**

    **Plaintiff,**

v.                                                Civil Action No. 3:23cv697

**CSX TRANSPORTATION, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

Roy Franklin Echols, a Virginia inmate, proceeding *pro se*, submitted this action. In this action, Echols sought "judgment against Defendant CSX Transportation, Inc., under the authorities of civil rights 42 U.S.C. subsections 1985, 1986, where Defendant conspired to obstruct the due process of justice and 42 U.S.C. section 1997 . . . ." *Echols v. CSX Transportation, Inc.*, No. 3:23cv697, 2025 WL 209812, at *1 (E.D. Va. Jan. 15, 2025) (citation omitted), *reconsideration denied*, No. 3:23cv697, 2025 WL 863623 (E.D. Va. Mar. 19, 2025), *and appeal dismissed*, No. 25-6204, 2025 WL 1909492 (4th Cir. May 23, 2025). By Memorandum Opinion and Order entered on January 15, 2025, the Court dismissed the action because Echols failed to state a claim upon relief could be granted. *Id.* The matter is before the Court on the Rule 60(b) Motion filed by Echols. (ECF No. 44.)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of

timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Here, Echols fails to demonstrate that he has a meritorious claim. As explained, in detail, in the Court's January 15, 2025 Memorandum Opinion, Echols fails to state a claim upon which relief could be granted. Further, Echols fails to demonstrate exceptional circumstances or explain how he satisfies one of the six specific sections of Rule 60(b). Accordingly, Echols's Rule 60(b) Motion (ECF No. 44) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 10/16/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge